UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SEGUNDO PANDASHINA, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                                     Plaintiff,

     -against-

T-RUS-T ELECTRIC LLC, and NIKITA
PONOMAREV, individually,

                                 Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Docket No.:

Jury Trial Demanded

SEGUNDO PANDASHINA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against T-RUS-T ELECTRIC LLC ("Trust"), and NIKITA PONOMAREV, individually ("Ponomarev"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's and the NYCRR's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL § 193; 12 NYCRR §

142-2.10; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Pennsylvania-based and organized limited liability company that operates an electrical subcontracting business in both Pennsylvania and New York City, and its owner and day-to-day overseer - - as an electrician in New York from late-October or early-November 2019 to January 4, 2022, except for the time period explained below. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, Defendants required Plaintiff to work, and he frequently did work, in excess of forty hours per week, but Defendants failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for any hours that he worked in a week in excess of forty. Instead, during the entirety of Plaintiff's employment, Defendants paid Plaintiff on an hourly basis at his regular hourly rate for all hours worked.

3. Additionally, Defendants, for each pay period from the start of Plaintiff's employment until October 8, 2021, without Plaintiff's express written authorization, unlawfully deducted approximately 20% from Plaintiff's weekly pay for unspecified "expenses," in violation of the NYLL and the NYCRR.

4. Furthermore, throughout Plaintiff's employment, Defendants failed to provide Plaintiff with any wage statement on each payday, let alone an accurate one, and Defendants also

failed to provide Plaintiff with any wage notice at the time of his hire, let alone an accurate one, both as the NYLL requires.

5. Defendants have paid and treated all of their electricians in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who have suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Trust was and is a Pennsylvania limited liability company, with its principal place of business located at 196 West Ashland Street, Doylestown, Pennsylvania 18901, and that is registered to receive service c/o Legaline Corporate Services Inc., 606 Liberty Avenue, 3rd Floor 107, Pittsburgh, Pennsylvania 15222.

12. At all relevant times herein, Defendant Ponomarev was and is the owner of Defendant Trust. In that role, Ponomarev was and is responsible for overseeing all of the day-to-day operations of Trust, including managing all of Trust's employees, all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, hiring and firing all employees, and for maintaining employment records. In fact, Ponomarev managed the supervisor that hired and supervised Plaintiff and ultimately approved of those decisions, set Plaintiff's rates of pay, paid him, and maintained his employment records.

13. Both Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant Trust's qualifying annual business has exceeded and exceeds $500,000.00, and it was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees and has serviced clients in both New York and Pennsylvania, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former electricians, or those who worked in a similar role, who during the applicable FLSA limitations period, performed any work for Defendants, were paid on an hourly basis, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed and perform similar tasks, as described in the "Background Facts" section below; (2) were and are subject to the same laws and regulations; (3) were and are paid in the same or similar manner; (4) were and are required to work in excess of forty hours in a workweek; and (5) were and are not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.  Specifically, Plaintiff repeatedly addressed his concerns regarding Defendants' failure to pay him overtime with his supervisor Dennis Genin, yet Defendants continued to violate the FLSA by requiring Plaintiff to work over forty hours in a week without paying him overtime.

17. Thus, Plaintiff and all FLSA Plaintiffs were and are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former electricians, or those who worked in a similar role, who during the applicable NYLL limitations period, performed any work for Defendants in New York and were paid on an hourly basis ("Rule 23 Plaintiffs").

### Numerosity

21. At all times during the applicable NYLL limitations period Defendants have, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

22. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants took and take unlawful deductions from Rule 23 Plaintiffs' wages; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statements on each payday that accurately containing the information required by NYLL § 195(3); (6) whether Defendants furnished Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information required by NYLL § 195(1); (7) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants maintain any affirmative defenses to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were and are in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendants employ and/or employed Plaintiff and the Rule 23 Plaintiffs in New York. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours in a week, yet Defendants: did not and do not pay them at the rate of one and one-half times their respective regular rates of pay

7

for all hours worked in a week over forty; take unlawful deductions from their earned wages; and failed to provide them with an accurate wage statement on each payday or an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates of pay for all hours worked per week in excess of forty, to not have unlawful deductions taken from their earned wages, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to the Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay throughout his employment for hours worked in a week over forty, regularly made unlawful deductions from Plaintiff's weekly pay, and did not furnish Plaintiff with any wage statement on each payday or any wage notice at hire, let alone accurate statements and a notice, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by a current or former employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similarly-situated employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. Defendant Trust is Pennsylvania-based limited liability company that provides electrician services to commercial and residential properties in New York and Pennsylvania.

30. At all times relevant herein, Defendant Ponomarev has been the owner of Trust, who in that role oversees its day-to-day operations and is responsible, as described above, for all personnel-related matters.

31. Plaintiff worked for Defendants in New York from the first week of late-October or early-November 2019 through January 4, 2022, as a non-managerial electrician, with the exception of March 31, 2020 through June 8, 2020, when New York banned non-essential construction due to the Coronavirus pandemic.

32. As a non-managerial electrician, as the name suggests, Plaintiff's primary duties consisted of providing electrical work - - such as running cables, setting up outlets, and installing lights - - to residential and commercial properties. Plaintiff performed these tasks for Defendants primarily in Manhattan, but also in Brooklyn.

33. From the first week in late-October or early-November 2019 until on or around March 30, 2020, and from on or around June 8, 2020 through January 4, 2022, Defendants required Plaintiff to work, and Plaintiff did generally work, five or six days a week, from 7:00 a.m. until either 3:30 or 5:30 p.m., with a half-hour uninterrupted break during each shift. Accordingly, Defendants required Plaintiff to work, and Plaintiff frequently worked, over forty hours and up to sixty hours in a week.

34. In exchange for his work, Defendants paid Plaintiff on an hourly basis, by check, for all hours worked in a week, as follows: $18.00 from the beginning of his employment through on or around March 30, 2020; $21.00 from on or around June 8, 2020 through on or around September 13, 2021; and $23.00 from on or around September 14, 2021 through the end of his employment on January 4, 2022. Thus, at no time during his employment did Defendants pay Plaintiff an overtime premium at the rate of an additional one-half his regular hourly rate for any of his hours worked in a week in excess of forty.

35. On each occasion when Defendants paid Plaintiff from the beginning of his employment through October 8, 2021, Defendants deducted 20% from his wages for an "employer tax," and without Plaintiff's express written authorization to do so.

36. By way of example only, during the week of May 3 through May 9, 2021, Defendants required Plaintiff to work, and Plaintiff did work, six days, Monday through Thursday from 7:00 a.m. until 5:30 p.m., and Friday and Saturday from 7:00 a.m. until 3:30 p.m., with one half-hour break on each day, for a total of fifty-six hours of work that week. Defendants paid Plaintiff $21.00 for all hours that he worked that week, including for the sixteen hours that Plaintiff worked in excess of forty. Additionally, Defendants unlawfully deducted 20% from Plaintiff's wages for this week for an "employer tax," and without Plaintiff's consent.

37. Throughout his employment, Defendants paid Plaintiff on a weekly basis.

38. On each occasion when Defendants paid Plaintiff throughout his employment, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek, his regular or overtime rates of pay for all hours worked, and any deductions taken from his pay.

39. Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one that accurately listed, *inter alia*, Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift) and the name and telephone number of the employer.

40. Defendants treated Plaintiff, and have treated FLSA Plaintiffs and Rule 23 Plaintiffs, in the same manner described herein.

41. Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked and work was and is for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

11

46. As also described above, Plaintiff and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

47. Defendants have willfully violated the FLSA.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

50. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL and the NYCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 193 and 12 NYCRR § 142-2.10 prohibit employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, and only upon obtaining that employee's express written consent.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are entitled to recover from Defendants the amount of each unlawful deduction.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's unlawful deduction provisions.

13

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64. As described above, Defendants, on each payday, have failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, with any wage statement, let alone a statement that accurately contains all of the criteria required under the NYLL.

65. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000 per person.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire that contains accurate, specifically enumerated criteria.

68. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, with any wage notice at hire, let alone a wage notice that accurately contained all of the criteria required under the NYLL.

69. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000 per person.

## DEMAND FOR A JURY TRIAL

70. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

     k.    Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: February 1, 2022
       Garden City, New York

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              910 Franklin Avenue, Suite 200
                              Garden City, New York 11530
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

                              _____
                              CAITLIN DUFFY, ESQ. (CD 8160)
                              ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                              MICHAEL J. BORRELLI, ESQ. (MB 8533)